No. 411
PENN. R. CO. v. ROBINSON, Admr.
Ohio Appeals, 7th Dist., Mahoning County
Decided March 28, 1924

225. CHARGE TO JURY—Court can correct error in special charge after given.

118. AUTOMOBILES—Auto driver must be able to stop within range of headlights.

991. RAILROADS—Railroad not liable for shrubbery and bushes along its tracks which are not on its premises which cut off view of approaching trains.

ROBERTS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Isaiah Robinson, Administrator of Ralph Robinson, against the Pennsylvania Railroad Company for wrongful death. About five minutes after one Robinson and his wife were passing through the village of Atwater over an improved road and approached the crossing of the Pennsylvania Railroad, the front end of the automobile was struck by a train, and Robinson killed. The evidence disclosed that they did not know that they were approaching a grade crossing at the time. Before argument, counsel for plaintiff made an erroneous request, which was given by the court. Immediately thereafter, counsel discovered his mistake and asked leave to withdraw his request, but the court refused. Exception was made to the refusal of the court to permit the withdrawal of the request. Counsel for plaintiff in argument to the jury refrained from claiming this request to be the law, and after argument the request for withdrawal was renewed and granted. The jury was instructed to wholly disregard this request. Counsel for the defendant objected to this action by the court. The court refused to give the following requests of the defendant: 1. "The court says to you as a matter of law that it is the duty of the driver of an automobile to have his machine under such control that the same can be stopped or otherwise avoid obstructions or dangers within the area lighted by its headlights." 2. "As the Railroad Company has no control over the trees, weeds, bushes, shrubbery and the like not on its right of way, it is not required to take such things into consideration when approaching a highway crossing." As the jury rendered a verdict in favor of plaintiff in the sum of $10,000, the Railroad Company prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. The power rested in the Court to correct any errors made in giving special charges, and as the error was corrected in the instant case no prejudice remained in the minds of the jurors.

2. An automobile must not be operated at a greater speed than the person driving the automobile will be able to stop the car within the range of the area of light of its headlights.

## STATE COURT OF APPEALS—Continued

3. As the Railroad Company has no control of the trees, weeds, bushes, shrubbery and the like not on its right of way, it is not required to take such things into consideration when approaching a grade crossing.

Attorneys—Harrington, DeFord, Huxley & Smith, for Pennsylvania R. R. Co.; Moore, Barnum & Hammond, and I. C. Matthews, for Robinson, all of Youngstown.